

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                 Respondent,<br>   v.<br><br>DOUGLAS JOSEPH MOORS,<br><br>              Appellant. | No. 76937-5-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: October 15, 2018 |

APPELWICK, C.J. — Moors appeals the imposition of a $200 criminal filing fee following his conviction for possession of heroin with intent to manufacture or deliver. He argues that criminal filing fees imposed under former RCW 36.18.020(2)(h) (2015) are discretionary and require an individualized inquiry into a defendant's ability to pay. Alternatively, Moors argues that the criminal filing fee violates his right to equal protection. Moors is entitled to benefit from House Bill 1783's amendment to the criminal filing fee statute.[1] We reverse and remand.

## FACTS

On November 9, 2016, the State charged Douglas Moors with one count of possession of a controlled substance (heroin) with intent to manufacture or deliver. Moors pleaded guilty to the charge on March 22, 2017. In the plea agreement, Moors agreed with the State's sentencing recommendation of 60 months, except for the State's recommendation for legal financial obligations (LFOs).

---

[1] ENGROSSED SECOND SUBSTITUTE H.B. 1783, § 17(2)(h), 65th Leg., Reg. Sess. (Wash. 2018) (House Bill 1783).

The trial court imposed an 85 month sentence for the possession crime. The trial court also imposed LFOs, including a $200 criminal filing fee pursuant to former RCW 36.18.020(2)(h). At the sentencing hearing, Moors did not object to the court's imposition of the criminal filing fee. Moors appealed.

After he appealed, the Washington Legislature enacted House Bill 1783, which amends the criminal filing fee statute. See LAWS OF 2018, ch. 269, § 17(2)(h). The amendment prohibits courts from imposing the $200 filing fee on indigent defendants. Id. The amended statute is effective as of June 7, 2018. See LAWS OF 2018, at ii (see (5)(a) setting out the effective date).

## DISCUSSION

Moors contends that the trial court erred in failing to inquire into his ability to pay the $200 criminal filing fee, imposed under former RCW 36.18.020(2)(h), because the filing fee is a discretionary legal financial obligation (LFO). Alternatively, he contends that the fee's imposition violates his right to equal protection, because civil litigants are permitted a waiver of filing fees based on indigency under GR 34.

Moors failed to raise these objections to the trial court. Thus, he has waived the issues absent manifest constitutional error. RAP 2.5(a)(3). An error raised for the first time on appeal must be manifest and truly of constitutional dimension. State v. Kirkman, 159 Wn.2d 918, 926, 155 P.3d 125 (2007). The defendant must show how the alleged error actually affected his rights at trial. Id. at 926-27. "If the facts necessary to adjudicate the claimed error are not in the record on appeal, no actual prejudice is shown and the error is not manifest." State v. McFarland,

2

127 Wn.2d 322, 333, 899 P.2d 1251 (1995). However, we need not address this threshold question, because Moors is entitled to benefit from House Bill 1783's amendment to the criminal filing fee statute. State v. Ramirez, No. 95249-3, slip op. at 22 (Wash. Sept. 20, 2018), http://www.courts.wa.gov/opinions/pdf/952493.pdf.

Under the former criminal filing fee statute, upon conviction or a guilty plea, "an adult defendant in a criminal case shall be liable for a fee of two hundred dollars." Former RCW 36.18.020(2)(h). But, the current statute prohibits a court from imposing this fee "on a defendant who is indigent as defined in RCW 10.101.010(3) (a) through (c)." RCW 36.18.020(2)(h).

In Ramirez, the State Supreme Court held that House Bill 1783 applied on appeal to invalidate a $200 criminal filing fee imposed on an indigent defendant. No. 95249-3, slip. op. at 23. On March 7, 2018, the court granted Ramirez's petition for review on the issue of discretionary LFOs.[2] Id. at 6. House Bill 1783 was enacted on March 27, 2018. Id. The court reasoned that, because House Bill 1783's amendments pertain to costs imposed upon conviction and Ramirez's case was not yet final when the amendments were enacted, he was entitled to benefit from the statutory change. Id. at 22. Ramirez satisfied the indigency requirements of RCW 10.101.010(3)(c) at the time of sentencing, so the court held that the trial court impermissibly imposed the criminal filing fee on him. Id. at 20, 22.[3]

---

[2] In addition to discretionary LFOs, the trial court had imposed a $200 criminal filing fee on Ramirez. Id. at 3.

[3] The court also held that based on House Bill 1783's amendments, the trial court impermissibly imposed discretionary LFOs of $2,100 on Ramirez. Id. at 22.

3

Moors filed his notice of appeal on June 5, 2017. When House Bill 1783's amendments were enacted on March 27, 2018, his case was not yet final. Moors is therefore entitled to benefit from the statutory change. See Ramirez, No. 95249-3, slip. op. at 22.

If Moors was indigent as defined in RCW 10.101.010(3)(a)-(c) at the time of sentencing, the trial court impermissibly imposed the criminal filing fee on him. See RCW 36.18.020(2)(h); Ramirez, No. 95249-3, slip. op. at 22. Under those subsections, a person is "indigent" if he or she receives certain types of public assistance, is involuntarily committed to a public mental health facility, or receives an annual income, after taxes, of 125 percent or less of the current federally established poverty level. RCW 10.101.010(3)(a)-(c). In addition, RCW 10.101.010(3)(d), defines "indigent" as a person unable to pay the anticipated cost of counsel for the matter before the court.

At the sentencing hearing, the trial court stated,

> I'll sentence Mr. Moors to 85 months, add 12 months of community custody on top of that, $500 victim penalty assessment, $100 DNA fee, $200 filing fee. All other fines, fees, costs, and assessments will be waived. I'll make that based on a finding of indigency.

(Emphasis added.) And, the amended judgment and sentence established that the additional fine for the possession charge was "deferred due to indigency." But, we cannot ascertain from the record if the trial court found Moors indigent based on the definitions in RCW 10.101.010(3)(a)-(c). Because the record is unclear, we do not know if Moors satisfied the indigency requirement in RCW 36.18.020(2)(h).

We reverse the imposition of the criminal filing fee and remand for the trial court to determine whether Moors is indigent under RCW 10.101.010(3)(a)-(c).

WE CONCUR: